UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GREGORY SAVAGE** | * | CIVIL ACTION |
| | * | |
| | * | NO. 20-811-BAJ-RLB |
| **VERSUS** | * | |
| | * | JUDGE BRIAN JACKSON |
| **JAMES M. LEBLANC, Secretary DOC, ET. AL** | * | |
| | * | MAGISTRATE JUDGE |
| | * | RICHARD BOURGEOIS |

*******************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**MAY IT PLEASE THE COURT:**

Defendants James M. LeBlanc, Darrell Vannoy, Joseph Lamartiniere, Tim Delaney, Shirley Coody, Saundra Rosso, Heather Hood, Lucius L. Morris, II, and Governor John Bel Edwards,[1] (herein, they will sometimes collectively be referred to as the Moving Defendants) respectfully move for dismissal of the claims against them because they are entitled to qualified immunity from suit.

**I.      Governing legal principles**

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers". *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal citations and quotation marks omitted). When ruling on a motion to dismiss a *pro se* complaint for failure to state a claim, the court must examine the entire complaint, as supplemented and amended, and all attachments thereto. *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (citing *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)).

---

[1] Stephanie Lamartiniere has not been served.

1

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

The "driving force" behind the qualified immunity defense is that "insubstantial claims against government officials [should] be resolved prior to discovery…" *Anderson v. Creighton*, 483 U.S. 635, 639-40 n.2, 107 S. Ct. 3034 (1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19, 102 S.Ct. 2727 (1982)). "When confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead facts which, if proved, would defeat [the] claim of immunity." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (internal quotation marks and citations omitted). "[A] plaintiff seeking to defeat qualified immunity must show: '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Waller*, 922 F.3d at 599 (5th Cir. 2019) (*quoting Lincoln v. Turner*, 874 F.3d 833, 847-48 (5th Cir. 2017) (additional citation omitted)). Both elements of the qualified immunity analysis must be resolved in the Plaintiff's favor for him to overcome the Motion to Dismiss.

The Plaintiff has made demands for declaratory and injunctive relief, and qualified immunity does not apply to those claims. *Waller*, 922 F.3d at 598 (citing *Morgan v. Swanson*, 659 F.3d 359, 365 n.3 (5th Cir. 2011) (en banc) ("qualified immunity applies only to claims for money

2

damages.")). However, because §1983 creates the cause of action for constitutional violations, the first element of the qualified immunity defense is dispositive of all claims under §1983, regardless of the type of relief sought. In other words, the Plaintiff cannot state a claim under §1983 unless he pleads the defendants violated his constitutional rights. Therefore, if the first prong of the qualified immunity analysis is resolved in favor of the Defendants, *all claims* must be dismissed.

Further regarding the first element of the qualified immunity defense, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

Mere identification of a recognized constitutional right does not overcome the second element of the qualified immunity defense. The Plaintiff must identify "*particular* conduct" of each defendant that prior precedent established to be unconstitutional. *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

> The dispositive question is "whether the violative nature of *particular* conduct is clearly established." *Ibid.* (emphasis added). This inquiry " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen,* 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (*per curiam* ) (quoting *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

*Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015).

Finally, it is typical to allow a plaintiff to amend his lawsuit prior to entering a final judgment dismissing claims based on qualified immunity. See e.g. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (citing *Schultea v. Wood,* 47 F.3d 1427, 1430, 1432 (5th Cir.1995) (en banc). Here, the court is not "[f]aced with sparse details of claimed wrongdoing by officials". *Id.* The *pro se* Plaintiff has thoroughly detailed his claims against each defendant. As will be shown below,

3

the Defendants are entitled to dismissal of this lawsuit because, when the Plaintiff's allegations are accepted as true, they do not amount to constitutional violations.

## II.   Plaintiff's claims regarding deprivation of property fail.

Plaintiff alleges his property, proceeds from the sale of hobby craft, was unconstitutionally taken without due process. Doc. 1, ¶26-28, ¶46. Plaintiff alleges Defendants Rosso, Lamartiniere and Delaney conspired to violate his constitutional rights and to cover up that violation by failing to report that Warden Vannoy was allegedly illegally confiscating his rodeo funds. *Id*. at ¶41-44, ¶54-55.

"The United States Supreme Court has consistently ruled that a prisoner's property and due process rights are circumscribed by his custodial status." *Scott v. Coady*, No. CIV.A. 08-4649, 2008 WL 4891114, at *3 (E.D. La. Oct. 22, 2008). The *Parratt-Hudson* Doctrine, as it is known, establishes "that an unauthorized negligent or even intentional wrongful deprivation by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available." *King v. Robertson*, No. CV 19-00654-BAJ-EWD, 2020 WL 1154760, at *1 (M.D. La. Mar. 10, 2020), *appeal dismissed*, No. 20-30238, 2021 WL 1323278 (5th Cir. Mar. 17, 2021) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 542 (1981)). "The burden is on the Plaintiff to show that available post-deprivation remedies are not adequate." *Id* (citation omitted).

"The Fifth Circuit has clearly recognized that Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property." *Scott*, *supra* (citing *Hutchinson v. Prudhomme*, 79 Fed. Appx. 54, 2003 WL 22426661, at *1 (5th Cir.2003); *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir.1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir.1984)). Thus, as a matter of law, the Plaintiff's due process rights were not violated by the Defendants and

they are entitled to qualified immunity from suit. All deprivation of property claims must be dismissed.

### III. Plaintiff's claims regarding the denial of his ARP fail.

The Plaintiff also alleges his due process rights were violated when his ARP was denied at the first step by Defendants Vannoy and Hood, and at the second step by Defendants LeBlanc and Hood. Doc. 1 at ¶29, ¶47. Plaintiff correspondingly alleges Defendants Vannoy, Rosso, Stephanie Lamartiniere, and Coody conspired to "prepare and approve the erroneous first step denial." *Id* at ¶41, ¶53. Plaintiff had no due process right to have his grievance resolved, at any step of the procedure, in his favor. Such a claim is legally frivolous.

> "[A] prisoner has a liberty interest only in 'freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir.1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). [A plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005). Plaintiff's claims regarding the processing of his ARP at the first and second steps do not implicate the Constitution and should be dismissed.

### IV. Plaintiff's claims regarding his pending 19th JDC proceedings fail.

The Plaintiff claims he filed a "Petition for Writ of Mandamus" in the 19th Judicial District Court for the Parish of East Baton Rouge demanding "LSP officials to pay restitution in the amount of $16,000 plus interest or show cause to the contrary." Doc. 1, ¶18. The Plaintiff alleges Commissioner Robinson converted the Petition for Writ of Mandamus into a Petition for Judicial Review and found that the issues presented therein could be resolved on the briefs without oral argument. *Id.* at ¶20. The Plaintiff alleges Defendants LeBlanc and Hood violated the Plaintiff's

5

constitutional rights by instructing Commissioner Robinson to convert the Plaintiff's Mandamus Action into a Petition for Judicial Review. *Id*. at ¶34-36, ¶48. Plaintiff further alleges Defendants Hood and Commissioner Robinson violated the Plaintiff's due process rights by conspiring to convert his mandamus action into a petition for judicial review. *Id*. at ¶49-50. Plaintiff further alleges Defendants Hood and Morris conspired to file a false affidavit into the record of his petition for judicial review. *Id*. at ¶37-40, ¶51-52. The proceedings in the 19th JDC are ongoing.

The Plaintiff has not identified a *federal* liberty or property interest that was denied when the Commissioner converted the Plaintiff's suit from a purported mandamus action into a judicial review. In *Paul v. Davis*, 424 U.S. 693, 700–01, 96 S. Ct. 1155, 1160, 47 L. Ed. 2d 405 (1976), the Supreme Court rejected the idea that the Fourteenth Amendment Due Process Clause extends an actionable right under §1983 whenever a state official may be characterized as a tortfeasor. See *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992). Thus, a Plaintiff must point to a "specific constitutional guarantee safeguarding the interest he asserts has been invaded." *Paul*, 424 U.S. at 700. Considering the Plaintiff's state court proceedings are ongoing, it appears he has suffered no deprivation of any kind beyond frustration that the proceedings are not going as he had planned.

Furthermore, to the extent the Plaintiff is claiming the 19th JDC proceedings are his post-deprivation remedy, the fact that proceedings are ongoing further emphasizes the Plaintiff's failure to demonstrate the alleged inadequacy of the procedures.

V.     **Plaintiff's claims against the Governor fail.**

The Plaintiff alleges that he informed the Governor of this lawsuit and the allegations contained therein. He claims the Governor, personally, investigated Plaintiff's allegations, conclude the Plaintiff is correct in all of his claims, but then informed Secretary LeBlanc that he,

6

the Governor of the State of Louisiana, would not intervene personally on behalf of the Plaintiff. See Doc. 10, ¶27-28. The Plaintiff alleges that the Governor "had a constitutional obligation to intervene and remedy" the allegedly-illegal deprivation of his rodeo proceeds. *Id*. at ¶24. The Governor did not violate the Plaintiff's constitutional rights or engage in any conduct that was objectively unreasonable in light of clearly established law.

> An allegation that a government defendant merely failed to respond to a letter, without more, is not sufficient to support a claim for violation of constitutional rights. *See generally Canter v. O'Malley*, No. RWT 11 CV 918, 2012 WL 254014, at *8 (D. Md. January 25, 2012) (noting that an inmate's attempt to "force liability on the Governor and the Surgeon General by simply writing a letter and stating that failure to respond constituted deliberate indifference is illogical"); *Woods v. Goord*, No. 97 CIV 5143 (RWS), 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (noting generally that "failure to respond to plaintiff's letter requesting help does not in itself evince deliberate indifference to plaintiff's medical needs") (citations omitted).

*Horttor v. Livingston*, No. 1:16-CV-214-BL, 2019 WL 2287903, at *5 (N.D. Tex. May 29, 2019).

The Plaintiff alleges that the Governor did more than merely fail to respond to his letter; the Governor allegedly personally investigated, concluded the Plaintiff was correct in all of his allegations, and then decided not to intervene. Assuming, as we must, that those allegations are true even though their truth is highly doubtful, the Governor is entitled to qualified immunity.

The Governor of the State of Louisiana is not a prison official, even though the Department of Public Safety and Corrections is an agency within the executive branch of state government. The duty to care for inmates falls to prison officials. See e.g. *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004) (quoting *Farmer v. Brennan* 511 U.S. 825, 833–34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). The Fifth Circuit has held that supervisory *prison officials* are entitled to qualified immunity for doing less than the Plaintiff alleges the Governor did in this case.

> Like all prison officials, these supervisory defendants have a duty to take reasonable measures to protect inmates. *See Farmer,* 511 U.S. at 832, 114 S.Ct. 1970. Yet given the size of the operation that they oversee, they cannot be expected to

7

> intervene personally in response to every inmate letter they receive. The record in this case shows that they responded to Johnson's complaints by referring the matter for further investigation or taking similar administrative steps. This was a reasonable discharge of their duty to protect the inmates in their care. Given that neither the Supreme Court nor this court has delineated the contours of what supervisory officials must do on pain of personal liability, their conduct did not violate clearly established law of which reasonable officers should have known. Therefore, they are entitled to qualified immunity.

*Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004). Here, the Plaintiff alleges the Governor personally investigated the Plaintiff's allegations and then decided to not intervene on his behalf. That is more than supervisory *prison* officials must do in response to an inmate's grievance. The Governor is clearly entitled to qualified immunity from suit.

## VI. Conclusion

The Defendants are entitled to qualified immunity from suit. The Plaintiff pled facts which, when accepted as true, display claims that have expressly been determined by the courts to <u>not be constitutional violations</u>. Because the Courts have held that the conduct in question does not violate the Constitution, all of the Moving Defendants are entitled to qualified immunity from suit. The claims against them should be dismissed with prejudice.

8

                    Respectfully Submitted,

                    **JEFF LANDRY**
                    **ATTORNEY GENERAL**

BY:   *s/Phyllis E. Glazer*
        **PHYLLIS E. GLAZER (LSBA #29878)**
        **ASSISTANT ATTORNEY GENERAL**

        **Louisiana Department of Justice**
        Litigation Division, Civil Rights Section
        1885 North Third Street, 4th Floor
        Post Office Box 94005 (70804-9005)
        Baton Rouge, Louisiana 70802
        Telephone:   225-326-6300
        Facsimile:    225-326-6495
        E-mail:       GlazerP@ag.louisiana.gov

### CERTIFICATE OF SERVICE

I hereby certify that, on June 9, 2021, I electronically filed the foregoing using the Court's CM/ECF system, which will provide notice of electronic filing to all counsel of record. I further certify that a copy of the foregoing was served on the *pro se* Plaintiff via U.S. Mail.

Gregory Savage (DOC #127336), Plaintiff
Louisiana State Penitentiary
17544 Tunica Trace
Main Prison Complex, Ash Hall-4
Angola, Louisiana 70712

                    *s/Phyllis E. Glazer*
                    **PHYLLIS E. GLAZER**