## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GREGORY SAVAGE (#127336)**                                    **CIVIL ACTION**

**VERSUS**

                                                                **20-811-BAJ-RLB**

**JAMES LEBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 14, 2021.

                                                    _____
                                                    **RICHARD L. BOURGEOIS, JR.**
                                                    **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**GREGORY SAVAGE (#127336)**                                         **CIVIL ACTION**

**VERSUS**

                                                                    **20-811-BAJ-RLB**

**JAMES LEBLANC, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motion to Dismiss filed on behalf of defendant Commissioner Nicole Robinson (R. Doc. 19). The Motion is opposed. *See* R. Doc. 27.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP") filed this proceeding, against defendant Robinson and others, complaining that his constitutional rights were violated due to removal or withholding of funds from his inmate account for tax purposes. He seeks monetary, declaratory, and injunctive relief.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader

is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges the following: In 1996 the plaintiff began selling handmade leather belts at the Angola Prison Rodeo. Between 1996 and 2019 the plaintiff earned approximately $80,000.00, of which $16,000.00 was confiscated under the guise of being withheld for taxes and commissions. In November of 2018, the plaintiff filed a grievance asserting that Louisiana Revised Statute 15:874 did not authorize the imposition or collection of taxes on the plaintiff's rodeo sales. The plaintiff requested a restitution hearing and reimbursement plus interest. The plaintiff's grievance was denied by defendant Vannoy who referred to the collection of taxes and commissions as a practice. The plaintiff's grievance was also denied at the Second Step.

Subsequently the plaintiff filed a Petition for Writ of Mandamus in the 19th Judicial District Court requesting that prison officials be ordered to pay restitution with interest or show cause to the contrary. Defendant Commissioner Robinson was assigned to issue a report and

recommendation. On April 15, 2019 defendant Robison issued an order converting the plaintiff's Petition for Writ of Mandamus into a Petition for Judicial Review pursuant to Louisiana Revised Statutes 15:1177 *et seq*. The order further stated that the issues raised by the plaintiff could be resolved on the briefs. No further action was taken.

On September 19, 2019 the plaintiff spoke with defendant attorney Hood and inquired why his action was converted without a hearing. Defendant Hood responded, "If we didn't give you a hearing at the administrative level, what made you think we were going to give one in the 19th? When I received a copy of your mandamus action, I consulted with my boss [defendant LeBlanc] and then telephoned Robinson and told her a hearing was not necessary as your issues could be resolved on briefs." When the plaintiff told defendant Hood that she did not have the right to ask defendant Robinson to convert the proceeding defendant Hood responded, "Gregory Savage, I am a lawyer and you are an inmate, what I ask the Court to do or not do is my business. Aside from that, Commissioner Robinson did not want to hear from you as she was angry about the comments you made in a footnote of your mandamus action regarding judicial misconduct. She agreed with me that you were a trouble-maker and would see to that your stay in the law library would be a short one." The plaintiff asked defendant Hood what she meant, and she responded, "Gregory, you figured out a way to make trouble with the Rodeo taxes, I'm quite sure you can figure that out."

Based on his conversation with defendant Hood, the plaintiff deduced that defendant Hood and others conspired to cover up the illegal confiscation of the plaintiff's funds. Defendant Hood instructed defendant Vannoy to deny the plaintiff's grievance and to state that the confiscation of funds was a practice without conducting a restitution hearing. Defendant Vannoy, in furtherance of a conspiracy, instructed defendant Rosso to deny the plaintiff's ARP at the First

Step and instructed defendants Joseph Lamartinere and Coody to approve the denial. At weekly meetings, defendant Vannoy instructed defendant's Delaney and Stephanie Lamartiniere to remain quiet about the illegal confiscation of the plaintiff's funds. Defendants Hood and LeBlanc then agreed to deny the plaintiff's grievance at the second step. Defendant Hood then engaged defendant Robinson to thwart the plaintiff's state court proceedings. In furtherance of the conspiracy to cover up their wrongdoings, defendant Hood obtained the services of defendant attorney Lucias L. Morris, an employee of the Department of Revenue, to author a false affidavit. By way of correspondence, defendant Governor Edwards was informed of the foregoing and failed to take any action.

Defendant Robinson first seeks dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against her in her official capacity. In this regard, the defendant Robinson is correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's § 1983 claims asserted against defendant Robinson in her official capacity for monetary damages are subject to dismissal.

Defendant Robinson next argues that the Court should abstain from addressing the plaintiff's claims against her based on the *Younger* abstention doctrine. *Younger*[1] "applies to suits for injunctive and declaratory relief." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016). "*Younger* established that federal courts should not enjoin pending state criminal prosecutions unless the plaintiff shows 'bad faith, harassment, or any other unusual circumstances that would call for equitable reliefs,' such as a 'flagrantly and patently' unconstitutional state statute." *Id.* (quoting *Younger*, 401 U.S at 53–54). "*Younger* has been expanded beyond the criminal context" and also applies to "pending civil proceedings involving certain orders ... uniquely in furtherance of the state court's ability to perform their judicial functions." *Id.* (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78, (2013)); *see also Middlesex Cty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (applying *Younger* "to non-criminal judicial proceedings when important state interests are involved"). Where *Younger* applies, federal courts must abstain if "there is '(1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) ... provides an adequate opportunity to raise federal challenges.' " *Id.* (quoting *Sprint Commc'ns, Inc.*, 571 U.S. at 81). Notably, "requests for monetary damages do not fall within the purview of the *Younger* abstention doctrine." *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988).

In the instant matter the first prong of *Younger* is satisfied here because there is "an ongoing state judicial proceeding." *Google*, 822 F.3d at 222. "The initial frame of reference for abstention purposes is the time that the federal complaint is filed. If a state action is pending at this time, the federal action must be dismissed." *DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984). "In the most basic sense, a state proceeding is *pending* when it is begun before the

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971)

federal proceeding is initiated and the state court appeals are not exhausted at the time of the federal filing." *Id.* At the time the plaintiff filed his federal complaint, he alleged that his Petition for Writ of Mandamus was still pending before defendant Robinson. Therefore, at the time of suit, there was "an ongoing state judicial proceeding." *Google*, 822 F.3d at 222.

The second prong of *Younger* is satisfied because the ongoing state judicial proceeding "implicates important state interests." *Id.* In *New Orleans Public Service, Inc. v. New Orleans City Council,* 491 U.S. 350 (1989) (*"NOPSI"* ), explained how the doctrine has been expanded to limit federal court intervention in civil cases that are of the sort to which *Younger* applies. *Id.* at 367–368. Of significance to the instant analysis, the *NOPSI* court explained that, in examining whether the proceeding pending in state court involves important state interests, the district court looks beyond the state's narrow interest in the *outcome* of a particular review to discern "the importance of the generic proceedings to the State." *Id.* at 365. The *NOPSI* court accepted as true for purposes of that decision that, for purposes of *Younger* analysis, a state's process for judicial review of an agency determination is an "uninterrupted whole" such that the disappointed party may not "procure federal intervention by terminating the state judicial process prematurely." *Id.* at 369. " '[A] necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court.'" *Id.* (quoting *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608, (1975)).

The third prong of *Younger* is satisfied because the state judicial proceeding "provides an adequate opportunity to raise federal challenges." *Google*, 822 F.3d at 222. "[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Moore v. Sims*, 442 U.S. 415, 425–26. Where "a litigant has not attempted to present his federal claims in

related state-court proceedings," we "assume that state court procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987). The plaintiff has not alleged any defect in the state court proceedings or in Louisiana law that "clearly bars" his ability to raise his constitutional claims. The order issued by Defendant Robinson provided a briefing schedule for the parties. The plaintiff has not alleged that he was prevented from filing his brief or proceeding in the state appellate courts. Therefore, it appears that procedure for judicial review provided "an adequate opportunity" to raise federal challenges. *Google*, 822 F.3d at 222 (citation omitted).

As such, it is recommended that the Court abstain from adjudicating the plaintiff's claim for declaratory relief asserted against defendant Robinson.

As for the plaintiff's claims for damages asserted against defendant Robinson in her individual capacity, judicial immunity shields the commissioner from those claims.[2] "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Judicial immunity can be pierced in two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

---

[2] Pursuant to La. R.S. 13:713, commissioners: perform all duties assigned to them by the chief judge; duties include hearing and recommendation of disposition of any civil or criminal matter assigned by rule of court or by any judge in the 19th; have all powers of a district judge not inconsistent with the state constitution and laws of the state and the United States; may conduct any and all proceedings on any matter pending before the court; may adjudicate cases with the consent of the parties; and shall use the title of judge ad hoc.
As such, commissioners are entitled to absolute immunity because they are functionally comparable to judges. *See Butz v. Economou*, 438 U.S. 478, 513-15 (1978) (holding that ALJs are entitled to absolute immunity from suit for damages stemming from official acts because they are "functionally comparable" to judges).

"[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court should] look to the particular act's relation to a general function normally performed by a judge...." *Id.* [The Fifth Circuit] has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. These factors are broadly construed in favor of immunity. *Davis v. Tarrant County, Tex*, 565 F.3d 214, 222–23 (5th Cir. 2009).

The plaintiff asserts that defendant Robinson illegally converted his Petition for Mandamus to a Petition for Judicial Review and failed to provide a hearing after finding that the matter could be determined based on the briefs. The alleged actions clearly fall within her judicial capacity. As such, defendant Robison is entitled to judicial immunity.

Additionally, defendant Robinson argues, and it does appear, that the plaintiff's claims prescribed prior to filing suit. Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492.[3] Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need

---

[3] *See* La. Civ. Code Art. 3456

not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, the plaintiff complains of an order issued by defendant Robinson in April of 2019. The plaintiff asserts that was not was possessed of sufficient information to place him on notice of the existence of his cause of action until his conversation with defendant Hood on September 19, 2019. Accordingly, the plaintiff's claims accrued no later than that date, and he had one year within which to file a complaint in this Court. Ordinarily, therefore, any claim that the plaintiff may have had against the defendant Robinson would be seen to have prescribed no later than September 19, 2020, the one-year anniversary of the incident.[4] Further, inasmuch as the plaintiff did not file his federal Complaint until, at the earliest, November 30, 2020, the date that he apparently signed it, it appears from the face of the Complaint that his claims are time-barred.

---

[4] While the plaintiff did file an earlier suit on or about January 6, 2020, the plaintiff ultimately voluntarily dismissed that suit. *See Savage v. Vannoy*, et al., Civil Action No. 20-10-SDD-SDJ (M.D. La.). As such, the earlier suit did not interrupt prescription. *See Doe v. City of Baton Rouge,* 2010 WL 481005 (M.D. La Jan. 5, 2021) *citing Lawrence v. Center Properties, LLC*, No. 20-247, 2020 WL 4784985, at *4 (E.D. La. Aug. 17, 2020) ("[E]ven though Plaintiff had previously filed a state court suit based on the same factual allegations, the Court finds that prescription was not interrupted by that lawsuit. Even assuming that the state court suit, which initially only included state law claims, would have interrupted prescription, Plaintiff acknowledges she voluntarily dismissed that suit. Under Louisiana law, a plaintiff who voluntarily dismisses a suit loses the advantage of the interruption of prescription, as the interruption is considered never to have occurred."). *See also* La. Civ. Code. art. 3463 ("Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.") and *Orleans Parish School Bd. v. U.S. Gypsum Co.*, 892 F. Supp. 794, 803 (E.D. La. June 5, 1995) (same).

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the defendant Robinson's Motion to Dismiss (R. Doc. 19) be granted, dismissing the plaintiff's claims against her, with prejudice. It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on September 14, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**