# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY SAVAGE (#127336)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **20-811-BAJ-RLB** |
| **JAMES LEBLANC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 14, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| GREGORY SAVAGE (#127336) | CIVIL ACTION |
| VERSUS | |
| JAMES LEBLANC, ET AL. | 20-811-BAJ-RLB |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motion to Dismiss filed on behalf of defendants James LeBlanc, Darrell Vannoy, Joseph Lamartiniere, Tim Delaney, Shirley Coody, Saundra Rosso, Heather Hood, Lucius Morris, and Governor John Bel Edwards (R. Doc. 21). The Motion is opposed. *See* R. Doc. 26.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP") filed this proceeding, against the moving defendants and others, complaining that his constitutional rights were violated due to removal or withholding of funds from his inmate account for tax purposes. He seeks monetary, declaratory, and injunctive relief.

The defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges the following: In 1996 the plaintiff began selling handmade leather belts at the Angola Prison Rodeo. Between 1996 and 2019 the plaintiff earned approximately $80,000.00, of which $16,000.00 was confiscated under the guise of being withheld for taxes and commissions. In November of 2018, the plaintiff filed a grievance asserting that Louisiana Revised Statute 15:874 did not authorize the imposition or collection of taxes on the plaintiff's rodeo sales. The plaintiff requested a restitution hearing and reimbursement plus interest. The plaintiff's grievance was denied by defendant Vannoy who

referred to the collection of taxes and commissions as a practice. The plaintiff's grievance was also denied at the Second Step.

Subsequently the plaintiff filed a Petition for Writ of Mandamus in the 19th Judicial District Court requesting that prison officials be ordered to pay restitution with interest or show cause to the contrary. Defendant Commissioner Robinson was assigned to issue a report and recommendation. On April 15, 2019 defendant Robison issued an order converting the plaintiff's Petition for Writ of Mandamus into a Petition for Judicial Review pursuant to Louisiana Revised Statutes 15:1177 *et seq*. The order further stated that the issues raised by the plaintiff could be resolved on the briefs. No further action was taken.

On September 19, 2019 the plaintiff spoke with defendant attorney Hood and inquired why his action was converted without a hearing. Defendant Hood responded, "If we didn't give you a hearing at the administrative level, what made you think we were going to give one in the 19th? When I received a copy of your mandamus action, I consulted with my boss [defendant LeBlanc] and then telephoned Robinson and told her a hearing was not necessary as your issues could be resolved on briefs." When the plaintiff told defendant Hood that she did not have the right to ask defendant Robinson to convert the proceeding defendant Hood responded, "Gregory Savage, I am a lawyer and you are an inmate, what I ask the Court to do or not do is my business. Aside from that, Commissioner Robinson did not want to hear from you as she was angry about the comments you made in a footnote of your mandamus action regarding judicial misconduct. She agreed with me that you were a trouble-maker and would see to that your stay in the law library would be a short one." The plaintiff asked defendant Hood what she meant, and she responded, "Gregory, you figured out a way to make trouble with the Rodeo taxes, I'm quite sure you can figure that out."

Based on his conversation with defendant Hood, the plaintiff deduced that defendant Hood and others conspired to cover up the illegal confiscation of the plaintiff's funds. Defendant Hood instructed defendant Vannoy to deny the plaintiff's grievance and to state that the confiscation of funds was a practice without conducting a restitution hearing. Defendant Vannoy, in furtherance of a conspiracy, instructed defendant Rosso to deny the plaintiff's ARP at the First Step and instructed defendants Joseph Lamartinere and Coody to approve the denial. At weekly meetings, defendant Vannoy instructed defendants Delaney and Stephanie Lamartiniere to remain quiet about the illegal confiscation of the plaintiff's funds. Defendants Hood and LeBlanc then agreed to deny the plaintiff's grievance at the second step. Defendant Hood then engaged defendant Robinson to thwart the plaintiff's state court proceedings. In furtherance of the conspiracy to cover up their wrongdoings, defendant Hood obtained the services of defendant attorney Lucias L. Morris, an employee of the Department of Revenue, to author a false affidavit. By way of correspondence, defendant Governor Edwards was informed of the foregoing and failed to take any action.

The defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in

determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied in part. The plaintiff's allegations, accepted as true, state a claim for conspiracy and violation of his right to procedural due process.

The 14th Amendment to the United States Constitution protects against deprivations of life, liberty and property without due process of law. Deprivations may be "random and unauthorized" or made pursuant to policy. The "random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under 42 U.S.C. § 1983 when adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The adequate-state-remedies analysis is not applicable if the deprivation of property results from "established state procedure, rather than random and unauthorized action." *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435-36 (1982).

While not every civil litigant is entitled to a hearing on the merits in every case, the 14th Amendment does require an opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case. *Id.* at 437. In the instant matter, the plaintiff alleges that the defendants deprived him of certain funds as part of a practice and procedure, and this was done without due process as the defendants conspired to deprive him of any hearing. "To prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred." *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). Regarding the first element: "To establish

a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss." *Id.* (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)). "[M]ore than a blanket of accusation is necessary to support a § 1983 claim." *Id.* (citations omitted). Plaintiffs must make "specific allegation[s] of fact tending to show a prior agreement has been made." *See id.* at 1023–24.

But a § 1983 conspiracy "claim need not [meet] a 'probability requirement at the pleading stage; [plausibility] simply calls for enough fact [s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.' " *Jabary*, 547 F. App'x at 610 (*quoting Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). Plaintiffs' "facts, when 'placed in a context ... [must raise] a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.' " *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955).

While mere conclusory allegations of a conspiracy to violate the plaintiff's constitutional rights are not cognizable under § 1983, the plaintiff's allegations discussed above are more than conclusory. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986); *Decker v. Dunbar*, 633 F. Supp. 2d 317, 358 (E.D. Tex. 2008). The plaintiff alleges that defendants collaborated during the administrative remedy process to deprive him of a restitution hearing, and continued to collaborate when he sought review in the state court. Accepting the plaintiff's allegations as true, the Court cannot say at this point in the proceedings that the plaintiff's due process rights were not violated or that the plaintiff has failed to state a claim for a conspiracy.

To the extent the plaintiff complains about the denial of his grievances or defendant Governor Edwards' failure to respond to his informal complaints as standalone claims, an inmate

does not have a constitutional right to have his prison disciplinary or administrative proceedings (including informal complaints) properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F.App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion to Dismiss (R. Doc. 21) be granted, in part, and the plaintiff's claims asserted against the moving defendants for denial of his grievances be dismissed, with prejudice. It is further recommended that the plaintiff's only claim against defendant Governor Edwards for failure to respond to the plaintiff's informal complaint, be dismissed with prejudice. It is further recommended that in all other regards the Motion be denied and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on September 14, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**