UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | CIVIL ACTION |
| GREGORY SAVAGE | * | |
| | * | NO. 20-811-BAJ-RLB |
| VERSUS | * | |
| | * | JUDGE BRIAN JACKSON |
| JAMES M. LEBLANC, | * | |
| Secretary DOC, ET. AL | * | MAGISTRATE JUDGE |
| | * | RICHARD BOURGEOIS |

**************************************

## MEMORANDUM IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION [39]

**MAY IT PLEASE THE COURT:**

Defendants James M. LeBlanc, Darrell Vannoy, Joseph Lamartiniere, Tim Delaney, Shirley Coody, Saundra Rosso, Heather Hood, and Lucius L. Morris, II, (herein, they will sometimes collectively be referred to as the Moving Defendants) respectfully object to the Report and Recommendation, Doc. 39, which recommended partial denial of their Motion to Dismiss based on qualified immunity. Doc. 21. The Defendants do not object to the finding and recommendation that all claims against the Governor should be dismissed with prejudice.

### I.    STANDARD OF REVIEW

28 U.S.C. §636(b) provides the deadline for filing objections to a Report and Recommendation, the standard of review by the District Judge, and related matters.

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

1

The Report and Recommendation challenged herein was entered on September 14, 2021. These Objections, filed on September 28, 2021, are filed within fourteen days of September 14, 2021, and are timely.  See 28 U.S.C. §636(B)(1).

**II.    OBJECTIONS**

The moving defendants object to the findings and recommendation that they should be denied qualified immunity based on the facts in the Plaintiff's Complaint.  "When confronted with a qualified-immunity defense  at  the pleadings stage,  the  plaintiff  must plead facts  which,  if proved, would defeat [the] claim of immunity." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (internal quotation marks and citations omitted).  "[A] plaintiff seeking to defeat qualified immunity must show: '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Waller*, 922 F.3d at 599 (5th Cir. 2019) (*quoting Lincoln v. Turner*, 874 F.3d 833, 847-48 (5th Cir. 2017) (additional citation omitted)).  Both elements of the qualified immunity analysis must be resolved in the Plaintiff's favor for him to overcome the Motion to Dismiss.  The Court can consider the elements in any order.  *Pearson*.  However, if the Court is going to *deny* qualified immunity, as the Magistrate Judge recommended, then the Court must consider both elements and find in Plaintiff's favor on both.

A. <u>**Objection No. 1.**</u> **The alleged conduct of each individual defendant was not independently evaluated.**

With the exception of the Governor, who was correctly recommended for dismissal from this suit, the liability of each individual defendant was not considered before they were all denied qualified immunity *in globo*.  See Doc. 39, p. 6 ("In the instant matter, the plaintiff alleges that the defendants deprived him of certain funds as part of a practice and procedure, and this was done without due process as the defendants conspired to deprive him of any hearing.")  In the

2

Memorandum in Support of their Motion to Dismiss, the Defendants each identified the conduct *they* are accused of and explained why it did not violate the Constitution or was not objectively unreasonable in light of clearly established constitutional law.  See Doc. 21-1, pp. 5-6, §§III-IV. The Magistrate Judge erred by failing to analyze the conduct of each defendant independently of the others.

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Correspondingly, the Fifth Circuit has "recognize[d] the settled rule that, in assessing qualified immunity, a court must 'consider the conduct of each officer independently,' not 'collectively.'" *Dyer v. Houston*, 964 F.3d 374, 383, n. 6 (5th Cir. 2020) (quoting *Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007), additional citation omitted).

Considering the "settled rule" articulated above, the Magistrate Judge erred when denying qualified immunity to the defendants *in globo* without considering the conduct of each defendant independently.

B. **Objection No. 2.** **Because the conduct of each individual defendant was not evaluated, the Magistrate Judge erred in analyzing the second element of the qualitied immunity analysis.**

Mere identification of a recognized constitutional right does not overcome the second element of the qualified immunity defense.  The Plaintiff must identify "*particular* conduct" of each defendant that prior precedent established to be unconstitutional.  *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

> The dispositive question is "whether the violative nature of *particular* conduct is clearly established." *Ibid.* (emphasis added). This inquiry " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'

3

" *Brosseau v. Haugen,* 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (*per curiam* ) (quoting *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

*Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015).

C. **Objection No. 3**: **The Magistrate Judge erred by maintaining a claim for "conspiracy" to deny Plaintiff's ARP when there is no due process right inherent in the ARP process.**

The ambiguous or contradicting findings of the Magistrate Judge regarding Plaintiff's claims arising from participation in the ARP process display the result of the erroneous analysis of the second prong of the qualified immunity analysis. The Magistrate Judge correctly recommended dismissal of all claims regarding denial of Plaintiff's ARP grievances. Doc. 39, p. 8. However, the Magistrate Judge appears to recommend a claim of "conspiracy" to deny the Plaintiff's ARP be allowed to proceed. *Id*. at p. 7.

In Section III of their Memorandum, Defendants LeBlanc, Hood, Vannoy, Rosso, and Coody[1], identified claims against them pertaining to their alleged involvement in the ARP process. Doc. 21-1, p. 5. In opposition to Defendants' Motion, Plaintiff alleges those Defendants "conspired to deny Plaintiff's grievance during the first and second step…" and it was the conspiracy, not the denial of his ARP, that forms the basis of his claim. Doc. 26, p. 3.

The Magistrate Judge *correctly* found that there is no procedural due process right inherent in a claim arising from a prisoner's prison disciplinary or administrative remedy proceedings. Doc. 39, p. 8 (citing *Mahogany v. Miller*, 252 F.App'x. 593, 595 (5th Cir. 2007)). Correspondingly, the Magistrate Judge correctly recommended "the plaintiff's claims asserted against the moving defendants for denial of his grievances be dismissed, with prejudice." *Id*. at p. 8. Despite the foregoing recommendation, it appears the Magistrate Judge recommended denying dismissal of

---

[1] Stephanie Lamartiniere is included in this claim in Plaintiff's pleadings but she has not yet been served.

4

the claim "that defendants collaborated during the administrative remedy process to deprive him

of a restitution hearing." *Id* at p. 7.  The request for the restitution hearing was the relief he

requested in his ARP.  In other words, the denial of a restitution hearing was done by the act of

denying his ARP.

"Section 1983 does not provide a cause of action for conspiracy to deny civil rights unless

there is an actual violation of civil rights." *Thomas v. State*, 294 F. Supp. 3d 576, 610 (N.D. Tex.

2018), *report and recommendation adopted*, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D.

Tex. Mar. 12, 2018) (citing *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995)).  When the

individual actors who are part of the alleged conspiracy are determined to be entitled to qualified

immunity, "there [i]s no need to reach the issue of whether a conspiracy existed to engage in those

actions" because "the conspiracy claim is not actionable."  *Hale*, 45 F.3d at 921.

A "conspiracy" to deny Plaintiff's ARP does not manifest a procedural due process right

in the ARP system that does not exist in mere denial of the ARP.  The Defendants object to the

apparent contradictory recommendation that a "standalone claim" regarding an alleged

"conspiracy to deny Plaintiff's ARP", see doc. 39, pp. 7-8, be allowed to proceed, when it is

undisputed that the actions of the individuals with regard to Plaintiff's ARP are not independently

actionable.  As argued by the Defendants and as broadly stated by the Magistrate Judge, all claims

"for denial of his grievances" should "be dismissed, with prejudice."

D.  Plaintiff's purported procedural due process rights have not been articulated.

**E. Objection No. 4: Plaintiff fails to show each defendant violated an actual procedural due process right protected by the Fourteenth Amendment.**

The Plaintiff alleges, "his constitutional rights were violated due to removal or withholding

of funds from his inmate account for tax purposes."  Doc. 39, p. 2. More specifically, the Plaintiff

alleges his rights were violated when DPSC withheld sales tax from his sales of hobbycraft at the

5

Angola Rodeo.  Doc. 1, ¶14. The Plaintiff admits he has a *pending* petition for judicial review in

state court on this issue.  The Plaintiff also suggests that his due process rights were violated by

Defendants LeBlanc, Hood, and Morris in connection with those state court proceedings.  See Doc.

21-1, pp. 5-6 (citing Doc. 1).  Plaintiff's remaining claim, about the ARP process, was discussed

above.

1. <u>The Magistrate Judge erred in recommending the claims arising from Plaintiff's pending state court proceedings be allowed to proceed in this case.</u>

The Magistrate Judge found, "The plaintiff alleges that defendants […] continued to

collaborate when he sought review in the state court. Accepting the plaintiff's allegations as true,

the Court cannot say at this point in the proceedings that the plaintiff's due process rights were not

violated or that the plaintiff has failed to state a claim for a conspiracy."  Doc. 39, p. 7.  The

Defendants argued that the Plaintiff had not articulated the violation of a federal procedural due

process right arising from the ongoing state court proceedings.  See Doc. 21-1, p. 6.  The Magistrate

Judge did not acknowledge that argument.  Without any explanation or supporting legal citation,

the Magistrate Judge simply recommends the claim be allowed to proceed.

The Magistrate Judge erred because the Court can say that Plaintiff's due process rights

have not been violated.  The state court proceedings are *ongoing*, which means the Plaintiff has

not been denied due process.  The state court has not issued a ruling, the Plaintiff has additional

appeal rights.  If he is dissatisfied with the proceedings in the 19th Judicial District Court, the

proper route is through the Court of Appeal and the Louisiana Supreme Court, not a collateral suit

filed under §1983.

Along those lines, the pendency of the state court litigation indicates it should be dismissed.

The Magistrate Judge *correctly* recommends the Court abstain from adjudicating the injunctive

relief claims regarding the state court proceedings brought against Commissioner Nicole

6

Robinson.  Doc. 38, pp. 7-8.  However, the Magistrate Judge erred in recommending that this

Court should maintain jurisdiction over those same claims against the other defendants.  Doc. 39.

If *Younger* bars a claim, it bars the claim as to all Defendants.  *Younger* is jurisdictional. For all

the reasons the Magistrate Judge recommended the Court abstain from adjudicating the claims

regarding the pending state court proceedings against Commissioner Robinson, this Court should

abstain from adjudicating the claims regarding the pending state court proceedings against the

other defendants.

    2.   The Source(s) of Plaintiff's alleged procedural due process right(s).

    The opening of the analysis in *Logan v. Zimmerman Brush Co.,* 455 U.S. 422 (1982), the

case relied on by the Magistrate Judge, succinctly displays the issues presented herein.

> Justice Jackson, writing for the Court in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), observed: "Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id*., at 313, 70 S.Ct., at 656. At the outset, then, we are faced with what has become a familiar two-part inquiry: we must determine whether Logan was deprived of a protected interest, and, if so, what process was his due.

*Logan*, 455 U.S. at 429.  As discussed above, the Plaintiff in this case was not deprived of a

protected interest in connection with his ARP or with his *ongoing* state court proceedings.  The

Magistrate Judge, when denying qualified immunity to the defendants and allowing some

"procedural due process" claims to proceed, did not identify what protected interest he had or

process the Plaintiff was allegedly due.

    The Magistrate Judge did not identify the nature of this case or cite any case law discussing

the procedural due process interests, rights, or obligations arising from cases of the same nature as

this case.  The Magistrate Judge even went as far as to say due process "[d]eprivations may be

'random and unauthorized' or made pursuant to policy."  Doc. 39, p. 6.  But, the Court does not

state which category this alleged deprivation falls into.  As mentioned above, the Magistrate Judge

correctly found there is no procedural due process right inherent in the ARP process.  Doc. 39, pp.

7-8.  Beyond that finding, the Magistrate Judge did not identify the source of any due process right.

Because the Magistrate Judge did not identify a protected property interest or what process

was allegedly due, the Magistrate Judge did not properly analyze the first prong of the qualified

immunity analysis.  Therefore, this Court should conduct a *de novo* review of the Plaintiff's

Complaint and Defendants' qualified immunity defense.

### F. Objection No. 5: A "Conspiracy" cannot exist without an underlying constitutional violation.

As explained above, "Section 1983 does not provide a cause of action for conspiracy to

deny civil rights unless there is an actual violation of civil rights." *Thomas v. State*, 294 F. Supp.

3d 576, 610 (N.D. Tex. 2018), *report and recommendation adopted*, No. 3:17-CV-0348-N-BH,

2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) (citing *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir.

1995)).  The Plaintiff cannot maintain a "conspiracy" claim to interfere with his ARP, when there

is no procedural due process right inherent in the ARP process.  Similarly, the Plaintiff cannot

maintain a "conspiracy" claim to interfere with his "rights" to ongoing state court proceedings

when those proceedings are ongoing and the Plaintiff has all of his hearing rights intact, including

appeal rights.  Finally, unless the Plaintiff identifies a protected property interest and the process

he was allegedly "due" under the Fourteenth Amendment, he cannot state a "conspiracy" claim.

The Magistrate Judge found the Plaintiff sufficiently pled "the defendants conspired to deprive

[plaintiff] of any hearing."  Doc. 39, p. 6.  But, the Magistrate Judge did not find that, as a matter

of law, the Plaintiff was due a particular hearing they "interfered" with.  The freestanding

"conspiracy" claim is not anchored by a well-pled constitutional violation.  Therefore, it should be

dismissed.

8

### III.    CONCLUSION

Considering the foregoing specific objections to the Report and Recommendation issued by the Magistrate Judge, Doc. 39, the Defendants request a de novo review by the District Judge and, thereafter, to dismissal of the claims against the Defendants.

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:    *s/Phyllis E. Glazer*
**PHYLLIS E. GLAZER (LSBA #29878)**
**ASSISTANT ATTORNEY GENERAL**

**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:    225-326-6300
Facsimile:    225-326-6495
E-mail:        GlazerP@ag.louisiana.gov

### CERTIFICATE OF SERVICE

I hereby certify that, on September 28, 2021, I electronically filed the foregoing using the Court's CM/ECF system, which will provide notice of electronic filing to all counsel of record. I further certify that a copy of the foregoing was served on the *pro se* Plaintiff via U.S. Mail.

Gregory Savage (DOC #127336), Plaintiff
Louisiana State Penitentiary
17544 Tunica Trace
Main Prison Complex, Ash Hall-4
Angola, Louisiana 70712

*s/Phyllis E. Glazer*
**PHYLLIS E. GLAZER**

9