UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY SAVAGE                                              CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                          NO. 20-00811-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendants' James LeBlanc, Darrell Vannoy, Joseph Lamartiniere, Tim Delaney, Shirely Coody, Saundra Rosso, Heather Hood, Lucius Morris, and Governor John Bel Edwards (hereinafter "Defendants") **Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted (Doc. 21).** The Motion is opposed. (Doc. 26). The Magistrate Judge has issued a Report and Recommendation (Doc. 39) recommending that the Motion be granted in part and denied in part. The Magistrate Judge further recommends that the Court refer the matter back for further proceedings. (*Id.*). Defendants have filed objections to the Report and Recommendation (Doc. 41).

The Magistrate Judge recommends that the Court deny Defendants' motion to dismiss Plaintiff's claims under qualified immunity. (Doc. 39, p. 6). The first step in a qualified immunity analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Taking Plaintiff's allegations as true, the Court agrees that the Complaint may state a claim

1

for conspiracy and a violation of Plaintiff's right to procedural due process. (Doc. 39, p. 6). Defendants argue that "the alleged conduct of each individual defendant was not independently evaluated before they were denied qualified immunity *in globo*." (Doc. 41, p. 1).    To the contrary, the Magistrate Judge's report contains a clear recitation of the facts and an analysis of each Defendants' potential role in the alleged conspiracy. *See* (Doc. 39, p. 4-5).  For this reason, Defendants' objection is overruled.

Next, the Magistrate Judge recommends that the Court dismiss Plaintiff's claims, to the extent they exist, regarding the denial of his ARP as a standalone claim but maintain his claim for conspiracy. (Doc. 39, p. 8).  To prove a conspiracy under § 1983, a plaintiff must allege facts that indicate there was an agreement among individuals to commit a deprivation of a constitutional right and that an actual deprivation occurred. *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013). Defendants urge that the Magistrate Judge erred by maintaining Plaintiff's conspiracy claims. (Doc. 41, p. 2).  Defendants argue that Plaintiff cannot maintain a conspiracy claim to interfere with his grievance because there is no procedural due process right inherent in the ARP process. (Doc. 41-1, p. 8).  Plaintiff asserts that Defendants collaborated during the administrative remedy process to deprive him of a restitution hearing and when he sought review in state court. (Doc. 39, p. 7).  "The 14th Amendment does require an opportunity . . . for a hearing appropriate to the nature of the case." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982).  The Magistrate Judge found that the facts show that Plaintiff has asserted facts that, if

true, may reveal some collaboration by Defendants during the administrative remedy process to deprive him of a restitution hearing and a state court review. (Doc. 39, p. 7). Thus, the Court agrees that it cannot conclude at this stage in the proceedings that Plaintiff's due process rights were not violated or that he has failed to state a conspiracy claim. (Doc. 39, p. 7). For this reason, Defendants' objection is overruled.

The Magistrate Judge also recommends that the Court grant Defendants' motion to dismiss Plaintiff's claim against Governor John Bel Edwards for failure to respond to his informal complaint as a standalone claim. (Doc. 39, p. 7)

Finally, the Magistrate Judge recommends that the Court refer this matter back for further proceedings. (Doc. 39, p. 8).

Having carefully considered the underlying Complaint, the instant Motion, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted (Doc. 21) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants for denial of his grievance are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant John Bel Edwards for failure to respond to Plaintiff's informal complaint is **DISMISSED WITH PREJUDICE**.

3

**IT IS FURTHER ORDERED** that the Motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that this matter is referred back to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, this _10th_ day of February, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4