UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY SAVAGE (#127336)                    CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                    NO. 20-00811-BAJ-RLB

## RULING AND ORDER

Plaintiff, an individual incarcerated at Louisiana State Penitentiary and proceeding *pro se*, has filed a self-styled **Motion For Temporary Restraining Order And/Or Preliminary Injunction**. (Doc. 54, the "Motion").

Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983 and filed in December 2020, alleges that Defendants have violated his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (*See* Doc. 1, the "Complaint"). Specifically, the Complaint asserts that Defendants improperly withheld, under the guise of tax withholding and commissions, $16,000 of Plaintiff's $80,000 profits earned from selling handmade leather belts while incarcerated. (*See id.* at 5). Plaintiff further alleges that Defendants engaged in a conspiracy to deny him a hearing on the merits of his allegations. (*See id.* at 6–11). Plaintiff seeks monetary, declaratory, and injunctive relief. (*See id.* at 16–18).

Though the Court dismissed several of Plaintiff's specific claims, (Doc. 39), and dismissed all claims made against Defendant Robinson, (Doc. 38), Plaintiff's claims against all other Defendants alleging a conspiracy to deprive him of his Due Process

rights persist. (Doc. 39 at 7). The remaining Defendants appealed the Court's partial denial of Defendant's Motion to Dismiss in March 2022. (Doc. 46). The appeal remains pending at the United States Court of Appeals for the Fifth Circuit.

Now, Plaintiff moves for a temporary restraining order ("TRO") and preliminary injunction. (Doc. 54). Liberally construed, Plaintiff's Motion requests that the Court prevent Defendants from retaliating against Plaintiff for continuing to pursue this action. (*See id.* at 1–2). Plaintiff asserts that he is a "chronic-health care patient," and that in September 2024, he suffered a heart attack causing medical professionals to insert stents in arteries leading to Plaintiff's heart. (*Id.* at 2). Plaintiff additionally contends that following his heart attack, and in retaliation for pursuing this action, Defendants transferred him from his assigned, smoke-free medical dormitory to a "disciplinary camp" that tolerates smoking and maintains significantly less sanitary conditions. (*See id.*). Plaintiff further alleges that in retaliation for submitting an Administrative Remedy Procedure ("ARP") grievance regarding the housing transfer, Defendants again transferred Plaintiff to an unsanitary dormitory where he experiences daily fighting. (*See id.*). In addition, Plaintiff asserts that in March 2025, "Defendants directed another inmate (with known mental health issues) to harass, threaten and bully [Plaintiff] (and two co-workers)." (emphasis removed) (*Id.* at 3).

In support of these contentions, Plaintiff provides only an ARP grievance regarding his first housing transfer, (*See* Doc. 54-2), and an ARP grievance and Second-Step ARP grievance denial regarding Plaintiff's second housing transfer. (*See*

Doc. 54-3). Plaintiff argues that Defendants continue to subject him to these conditions in retaliation for pursuing this action and with the intent to cause Plaintiff to suffer a second heart attack and death. (*See* Doc. 54 at 2).

To that end, Plaintiff requests that the Court issue a TRO and preliminary injunction requiring his return to his original medical housing, preventing further alleged retaliation, ordering that he be evaluated by a medical doctor for increased chest pains and shortness of breath as it relates to inhaling second-hand smoke, and that the Court order that a copy of this evaluation be provided to the Court. (*See id.* at 4).

Federal Rule of Civil Procedure ("Rule") 65(b)(1) provides:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B) (emphasis added).

While the court is aware that Plaintiff is proceeding *pro se*, he has failed to comply with either requirement of Rule 65(b)(1). Plaintiff seeks a TRO based on new facts not set forth in his original Complaint yet does not include sufficient verification attesting to these new facts. In support of Plaintiff's new allegations, Plaintiff solely provides his own ARP submissions, and an ARP Second-Step denial, confirming that Plaintiff complained of circumstances underlying his TRO request. (*See* Docs. 54 - 2, 54 - 3).

Additionally, Plaintiff's Motion does not include a certificate describing his efforts, if any, to provide notice to Defendants' counsel, or explain the reasons why such notice should not be required. Plaintiff's failure to comply with Rule 65(b)(1)'s verification and notice requirements, standing alone, is a sufficient basis to deny his request for a TRO. *See Stevenson v. Benjamin*, No. 19-cv-637 (M.D. La. February 17, 2021) (denying *pro se* plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Hampton v. First Guaranty Mortgage Corp.*, No. 16-cv-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (same); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same).

Accordingly,

**IT IS ORDERED** that Plaintiff's request for a TRO and/or a preliminary injunction, (Doc. 54), be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 24th day of April, 2025

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**