**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**GREGORY SAVAGE (#127336)**                    **CIVIL ACTION**

**VERSUS**

                                                **20-811-BAJ-RLB**

**JAMES LEBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 2, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

GREGORY SAVAGE (#127336)                          CIVIL ACTION

VERSUS

                                                  20-811-BAJ-RLB

JAMES LEBLANC, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On September 29, 2025, the United States Court of Appeals for the Fifth Circuit reversed this Court's Order denying the remaining defendants (James LeBlanc, Darrell Vannoy, Joseph Lamartiniere, Tim Delaney, Shirley Coody, Saundra Rosso, Heather Hood, Lucius Morris, and Governor John Bel Edwards ) qualified immunity and remanding this matter back to the Court. *See* R. Doc. 62. The parties were ordered to file a Status Report addressing the remaining claims and defenses, and on January 12, 2026, a Status Report was filed by all remaining defendants. *See* R. Docs. 63 and 65. Defendants were then ordered to brief the issues raised in the Status Report, and on February 3, 2026, a Motion to Dismiss was filed on behalf of defendant Lucius Morris, which is now before this Court. *See* R. Docs. 66 and 68. The Motion is not opposed.

*Qualified Immunity*

The United States Court of Appeals for the Fifth Circuit determined that all remaining defendants were entitled to qualified immunity in connection with the plaintiff's claims as to any claim of pre-deprivation due process and conspiring to deny a post-deprivation hearing. As such, the moving defendant's Motion should be granted in this regard.

*Declaratory Relief*

The Court of Appeals did not address the plaintiff's requests for declaratory and injunctive relief, which defendant Morris now seeks to dismiss. With regards to the declaratory

relief, the plaintiff seeks a judgment stating that the defendants conspired to deprive him of his constitutional rights. Since the Court of Appeals determined that, at the time of the alleged removal of funds, there was no clearly established law that the plaintiff had a property interest in the proceeds from the sale of belts he made as a prison inmate, using materials furnished by the prison, and sold at an event sponsored by the prison. As such the Court cannot grant declaratory relief as requested because the plaintiff does not have a viable claim against the moving or other remaining defendants. Moving defendant's Motion should be granted in this regard.

### Injunctive Relief

With respect to the plaintiff's requested injunctive relief, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). Here, the plaintiff does not have a substantial likelihood of prevailing on the merits as the Court of Appeals has determined that the defendants are entitled to qualified immunity. Nor can the plaintiff show irreparable harm if the injunction is not granted. As such, the moving defendant's Motion should also be granted in this regard.

### Non-Moving Defendants

Though there are eight non-movant Defendants in this action, the Court possess the authority to *sua sponte* dismiss these defendants and expand upon the grounds for dismissal urged by the movant as long as the plaintiff receives notice and a chance to respond. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (*citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (district court *sua sponte*

dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer).

This Report and Recommendation provides adequate notice to the plaintiff. *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, at *1 (W.D. La. Mar. 12, 2007). "[I]t is well-settled that a district court may grant summary judgment *sua sponte* [on its own motion], so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment." *Shepard v. Gulf Coast Community Services*, 221 Fed.Appx. 308, 310 (5th Cir. 2007), (*citing Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770 (5th Cir. 2000)). The 14-day objection period to this Report and Recommendation is sufficient to satisfy the notice requirement. *See Bustinza v. Lucio*, No. 19-36, 2022 WL 1548118, at n. 1 (S.D. Tex. March 4, 2022), (*citing U.S. v. Willis*, 273 F.3d 592, 597 (5th Cir. 2001)).

Because the non-movants are similarly situated to the movant, it is appropriate to dismiss the non-movants for the same reasons. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). Accordingly, it is recommended that all of the plaintiff's remaining claims against all remaining defendants be dismissed with prejudice.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the moving defendant's Motion to Dismiss (R. Doc. 68) be granted, and that the plaintiff's remaining claims against the moving defendant and non-moving defendants be dismissed, with prejudice. It is further recommended that a judgment be entered and that this action be closed.

Signed in Baton Rouge, Louisiana, on March 2, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**